Syllabus.

# Richmond.

## WAYMOND L. JONES v. COMMONWEALTH.

January 15, 1925.

1. INDICTMENT, INFORMATION AND PRESENTMENT—*Resisting an Officer—Knowledge of Official Character.*—Unless the statute defining the offense of resisting or obstructing the execution of process contains the. word "knowingly," or some equivalent term, it is not necessary for the indictment to allege that defendant knew the capacity in which the officer acted, or pretended to act, in the execution of the process mentioned in the indictment.

2. INDICTMENT, INFORMATION AND PRESENTMENT—*Resisting an Officer—Knowledge of Official Character—Intoxicating Liquors.*—The Mapp act, section 55-C (Acts of 1918, chapter 388), does not make the offense of hindering or obstructing an officer charged with the duties of its enforcement dependent upon the act or acts being committed knowingly or wilfully. Nowhere in the statute is the word "knowingly," or any equivalent term thereof. Therefore, it is sufficient for the indictment to charge the offense substantially in the language of the statute, and it is not necessary to charge that accused knew that the person hindered or obstructed was an officer.

3. INTOXICATING LIQUORS—*Transportation—Barley, Sugar, Hops, etc.*—The transportation of barley, sugar, hops and yeast in an automobile is not a violation of the prohibition act though the accused was of the belief that he was a violator thereof.

4. OBSTRUCTING JUSTICE—*Flight—Case at Bar.*—In the instant case, a prosecution under section 55-C of the Mapp act (Acts of 1918, chapter 388) for obstructing an officer, the fact that the accused sought to escape the officer by merely running away was not such an obstruction as the law contemplates. While it is the duty of every citizen to submit to lawful arrest, yet flight is not such an offense as will make a person amenable to the charge of resisting or obstructing an officer who is attempting to make an arrest, as there is a broad distinction between avoidance and resistance or obstruction.

5. OBSTRUCTING JUSTICE—*Intoxicating Liquors—Throwing Bag of Barley in Road when Pursued—Case at Bar.*—In the instant case accused, while transporting barley, sugar, hops and yeast in his automobile, which he thought was illegal, when pursued by an officer threw two and a half bushels of barley into the road, which the officer avoided. Ac-

cused testified that this was done not to obstruct the officer but to get rid of evidence and there was no other evidence as to his intent. *Held:* That the evidence was not sufficient to sustain a conviction for obstructing an officer under section 55-C of the Mapp act.

6. OBSTRUCTING AN OFFICER—*What Constitutes—Intention—"Obstruct."*—To constitute obstruction of an officer in the performance of his duty it is not necessary that there be an actual or technical assault upon the officer, but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action and forcible or threatened means. It means to obstruct the officer himself, not merely to oppose or impede the process with which the officer is armed.

7. INTOXICATING LIQUORS—*Obstructing an Officer—Throwing bag of Barley into Road—Case at Bar.*—The mere fact that one throws a two and one-half bushel bag of barley into the road does not of itself constitute an obstruction. The act done must be with an intention on the part of the perpetrator "to obstruct the officer himself, not merely to oppose or impede the process with which the officer is armed."

8. CRIMINAL LAW—*Reasonable Doubt—Exclusion of Every Hypothesis of Innocence.*—In order to justify a conviction in a criminal case, every fact necessary to a conviction must be proved beyond a reasonable doubt. The result of the evidence must not only be consistent with the guilt of the accused, but must exclude every reasonable hypothesis of his innocence.

Error to a judgment of the Circuit Court of Henrico county.

*Reversed.*

The opinion states the case.

*H. M. Smith, Jr.,* and *Alfred J. Kirsh,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

The accused was tried and convicted upon an indict-
ment charging "that on the eighth day of August, in
the year one thousand nine hundred and twenty-three,
in the said county and within the jurisdiction of the said
Circuit Court of the county of Henrico, did unlawfully
hinder and obstruct one, W. H. Lawrence, a special
police officer of the county of Henrico, who was charged
with the duty of ascertaining whether ardent spirits was
being illegally transported in a certain automobile, by
throwing a certain bag and other substances in front of
said officer's automobile, thereby obstructing said of-
ficer in discharge of his said duties."

The first error assigned is to the action of the trial
court in overruling the demurrer of the accused to the
indictment.    The order entered disposing of the de-
murrer shows that the same was a general demurrer, no
specific grounds being alleged.

[1, 2] In the petition, however, for a writ of error, the
accused contends that the demurrer should have been
sustained because it is not specifically alleged in the in-
dictment that the accused *knew* that "W. H. Lawrence
was a special police officer of the county of Henrico,
charged with the duty of ascertaining whether ardent
spirits were being illegally transported."

The court did not err in overruling the demurrer to
the indictment.

The statute the accused is charged with violating is
section 55-C of what is known as the Mapp prohibition
law (Acts 1918, chapter 388).    This section, so far as
applicable to a disposition of the question under con-
sideration, is as follows:   "Any person who shall hinder
or obstruct any officer of this State charged with the
duty of inspecting baggage for ardent spirits, or the duty
of ascertaining whether any ardent spirits is being ille-
gally transported or stored, or otherwise charged with

the duty of enforcing the provisions of this act, shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined not less than one hundred nor more than one thousand dollars, and be confined in jail not less than two nor more than six months."

This statute, as will be seen from the language quoted, does not make the offense of hindering or obstructing an officer charged with the duties of its enforcement dependent upon the act or acts being committed knowingly or wilfully. Nowhere in the statute is the word knowingly found, or any equivalent term thereof. Therefore, it was sufficient for the indictment to charge the offense substantially in the language of the statute. The General Assembly, not having made knowledge of the official character of the person hindered or obstructed an essential ingredient of the offense, it is not incumbent on this court to supply such an ingredient by reading into the statute that which purposely seems to have been omitted therefrom.

In *Putman* v. *State* (1887), 49 Ark. 449, 5 S. W. 715, construing a statute which reads as follows:

"Every person who shall resist the execution of any civil or criminal process, by threatening, or by actually drawing a pistol, gun or other deadly weapon upon the sheriff or other officer authorized to execute such process, shall, upon conviction thereof, be imprisoned in the penitentiary for a term not less than one nor more than five years."

The court said: "Then as to the indictment not charging that Putman knew Walker to be an officer, when he resisted service of the warrant; it is to be observed that the statute, which creates and defines the offense, does not contain the word 'knowingly' or any equivalent term. In such cases it is ordinarily sufficient to charge the offense substantially in the language of the statute."

In Wharton's Crim. Proc. (10th ed.), section 1014, page 1450, the rule is thus stated:

"* * * In those cases in which the statute creating and defining the offense does not contain the word 'knowingly,' or any equivalent term or word of similar import, and the indictment will set forth a *prima facie* case against the accused, it is not necessary to allege that the accused knowingly did the act complained of, or that he had knowledge the person assaulted, obstructed or resisted was an officer acting in his official capacity * * *."

The same doctrine is laid down in 29 Cyc. page 1333, as follows:

"Unless the statute defining the offense of resisting or obstructing the execution of process contains the word 'knowingly,' or some equivalent term, it is not necessary for the indictment to allege that defendant knew the capacity in which the officer acted, or pretended to act, in the execution of the process mentioned in the indictment."

Assignment No. 2.   Under this assignment of error it is contended that the verdict is contrary to the law and the evidence, and that the trial court erred in refusing to set aside the same and discharge the accused. The evidence pertinent to the issue is as follows:

W. H. Lawrence testified:   That he was a police officer of Henrico county, State of Virginia; that on the evening of August 8, 1923, he was on duty on the River road, near the Country Club, in the county of Henrico; that he noticed a Studebaker car coming towards him from the direction of the city of Richmond and recognized the car as being the car of Waymond L. Jones; that the car was driving at the rate of thirty-five to fifty miles an hour, and passed him at the junction of the River road and the Three Chopt road and turned to

the left, going down the hill at that point; that he, in company with Mr. J. C. Luck, constable of Henrico county, Virginia, immediately gave chase, suspecting that the said car contained ardent spirits, as he had knowledge that Jones was transporting liquor; that he kept in sight of the said car for a distance of four miles, going at a terrific rate of speed, at times his car went as fast as fifty miles an hour; that just before he got to Ridge church, in Henrico county, while the Studebaker car in front of him going about fifty miles an hour, and he in chase going about the same speed, the said Studebaker car was only about 150 feet ahead of his car, he saw Waymond L. Jones get out of the front seat into the rear of car and pick up a bag of something, and then he threw it out and it landed in the middle of the road; said officer swerved to the right and barely missed said bag, which contained about two and one-half bushels of barley; said officer proceeded to give chase and overtook said Studebaker car about 800 yards up the road, the two occupants of said car were Waymond L. Jones, a colored man, and Robert Charles, a white boy, who was driving the said car. There were in the car two bags of one hundred pounds each of sugar, and a large amount of hops and yeast. The said officer knows that said automobile belonged to Waymond L. Jones, who often drives the same himself.

Said officer then put both of them under arrest, charging Robert Charles with violating the speed law, and Waymond L. Jones with obstructing an officer in the discharge of his duty under the prohibition law.

Officer Lawrence further testified that on the way to the county jail he noticed that Jones had cut a slit in the bag of barley in some way and a little of the barley had leaked out.

J. C. Luck testified: That he was a constable of

Henrico county, Virginia, and was on duty with officer Lawrence at the point contained in his testimony, and was in the same car with Mr. Lawrence. He testified substantially to the same as that of Mr. Lawrence that the car belonging to Jones, operated by Robert Charles, was going at the rate of forty-five miles to sixty miles an hour; and that when they were within 150 feet of said Studebaker car, that the bag of barley was thrown from the side of the car and it landed right in the middle of the road, and he further testified that said Studebaker car was overtaken by them about 700 or 800 yards from where the bag was thrown out.

Waymond L. Jones was the only witness introduced for the defense, and he testified that he bought the bag of barley at Wood's seed store, and that he threw it out of the car because he thought it was a violation of the prohibition law to transport the same, and without any intention whatever of obstructing the prohibition officers in the discharge of their duty; that as he had this barley and also some sugar and hops in the car, he was afraid he would be arrested and was making every effort to get out of reach of the officers and keep his car from being examined.

As has been stated, *supra*, section 55-C of the Mapp prohibition law makes it a criminal offense for any person to "hinder or obstruct any officer" while in the discharge of his duties under the provisions of section 57 of the prohibition law, which in part reads as follows: "When any officer charged with the enforcement of this law shall have any reason to believe that ardent spirits are being transported in any  *  *  *  automobile, or other vehicle * * * contrary to law * * * shall have the right and it shall be his duty to search such * * * * automobile or other vehicle."

As observed, the police officer who was alleged to have

been obstructed in the performance of his duty testified that he recognized the accused as he passed in the automobile; that he knew the machine to be the property of the accused; that he gave chase for the purpose of searching said machine, and he *suspected* that the car contained ardent spirits, as he had knowledge that the accused was transporting liquor.

[3] The only basis of the right of search of the automobile was the suspicion of the officer that it contained ardent spirits. As a matter of fact, no ardent spirits were being transported. The accused had in his car a bag of barley, two bags of sugar and some hops and yeast. To transport these articles was not a violation of the prohibition law, though the accused was of the belief that he was a violator thereof.

[4] The fact that the accused sought to escape the officer by merely running away was not such an obstruction as the law contemplates. While it is the duty of every citizen to submit to lawful arrest, yet flight is not such an offense as will make a person amenable to the charge of resisting or obstructing an officer who is attempting to make an arrest, as there is a broad distinction between avoidance and resistance or obstruction. In *State* v. *LeBlanc*, 115 Maine, 142, 98 A, 119, it was held that a refusal by the master of a vessel to stop it, to enable a fish warden to go on board to inspect lobsters, was not an obstruction.

The sole contention of the Commonwealth is that in the act of throwing the bag of barley into the road lies the obstruction charged in the indictment.

[5, 6] In this contention we are unwilling to concur. In Brill's Cyc. of Criminal Law, section 1156, we find the word obstruction defined as follows:

"To constitute obstruction of an officer in the performance of his duty, it is not necessary that there be

an actual or technical assault upon the officer, but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action and forcible or threatened means.    It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed."

[7] The mere fact that one throws a two and a half bushel bag of barley into the road does not of itself constitute an obstruction.    The act done must be with an intention on the part of the perpetrator "to obstruct the officer himself, not merely to oppose or impede the process with which the officer is armed."

There is no evidence in the record as to the width of the road over which the accused and the officer were traveling.    If it was a part of the highway system of the State it was at least sixteen feet wide.

[8] While it is a maxim of the law "that a man is taken to intend that which he does, or which is the natural and necessary consequence of his own act," yet we can hardly conceive that the throwing of a substance, as heretofore described, into a roadway thirty feet in width, would naturally result in the wreck or obstruction of an automobile one hundred and fifty feet in the rear of the obstacle.    In order to justify a conviction in a criminal case, every fact necessary to a conviction must be proved beyond a reasonable doubt.    The result of the evidence must not only be consistent with the guilt of the accused, but must exclude every reasonable hypothesis of his innocence.    *Burton & Conquest* v. *Commonwealth,* 108 Va. 892, 62 S. E. 376.

The only foundation upon which to base the contention of the Commonwealth that the accused intended to obstrucr the officer, is the inference to be drawn from

the act done.   In view of the testimony of the accused that his intention of throwing out the bag of barley was not to obstruct the officer, but to get rid of evidence which he was under the impression would convict him if found in his car, in our opinion does not warrant the conviction of the accused upon evidence which demonstrates his guilt beyond a reasonable doubt.    As a matter of fact the officer was not obstructed in the performance of his duty.   The momentary swerving of the automobile to avoid the bag of barley may or may not have been necessary.

Upon the whole case, the evidence is very far from being inconsistent with the innocence of the accused. If it be true, as argued by the Attorney General in his brief, "the accused, while both cars were being driven at a terrific rate of speed, deliberately hurled a bag containing two and one-half bushels of barley directly into the middle of the road in front of the approaching car occupied by the officers, and this action almost resulted in a tragedy," then the accused should not have been indicted for violating the provisions of the prohibition law, which is a mere misdemeanor, but should have been indicted for the far more serious offense of an attempt to commit murder.

Being of the opinion that the evidence is not sufficient to support the verdict of the jury and the judgment of the trial court, the case will be reversed, the verdict and judgment will be set aside and the case remanded for a new trial.

*Reversed.*