COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


ERIC LEE DOBSON, A/K/A
 DAVID LEE BROWN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2802-97-2          JUDGE RICHARD S. BRAY
                                         JUNE 15, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Walter W. Stout, III, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Eric Lee Dobson (defendant) was convicted in a bench trial

for obstruction of justice and by a jury for grand larceny,

violations of Code §§ 18.2-460(A) and 18.2-95, respectively.  He

complains on appeal that (1) the evidence was insufficient to

prove the offenses, (2) the obstruction of justice prosecution

placed him twice in jeopardy for the same act,[1] and (3) the trial

court erroneously instructed the jury "regarding the exclusive

possession of recently stolen property."  We agree that the

_____

        [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] Because we reverse the obstruction of justice conviction
on other grounds, we decline to address the double jeopardy
issue.

obstruction of justice conviction is not supported by the record and reverse but find the grand larceny conviction free of error and affirm.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

On March 28, 1997, Virginia State Trooper Jeffrey Carter Bradford "pulled a vehicle for speeding." Carter approached the car and requested the operator, defendant, to produce his license and registration documents. Defendant stated "that he didn't have any ID on him at the time," and Bradford asked that he "come back to [his] vehicle, so [Bradford] could obtain some information, run a license check on him." Defendant then falsely identified himself as David Lee Brown and provided the trooper with an address, birth date, and incorrect Social Security number.

When Bradford questioned ownership of the vehicle, defendant answered that, "it was a rental," and "[h]is friend Billy owned the vehicle." Although unable to provide Billy's surname, defendant advised Bradford that Billy "was in room 412 at the Diamond Lodge off of Sherwood Road" and described him as "a 31- to 32-year old male," "black male, light skin," "approximately 5'9" to 10", . . . 170 pounds," a student at "Union University." However, further investigation by Bradford disclosed that the car had been stolen, and he arrested defendant at the scene. Bradford later pursued the information provided by defendant and, within

ten minutes, determined that "[n]o one occupied" room 412 at the Diamond Lodge.

OBSTRUCTION OF JUSTICE

Defendant first contends that the evidence was insufficient to prove obstruction of justice in violation of Code § 18.2-460(A).  When the sufficiency of the evidence is challenged on appeal, we view the record in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom, and the decision will not be disturbed unless plainly wrong or without evidence to support it.  See Code § 8.01-680; Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Code § 18.2-460(A) provides, in pertinent part, that "[i]f any person without just cause knowingly obstructs . . . any law-enforcement officer in the performance of his duties as such . . ., he shall be guilty of a Class 2 misdemeanor."  A conviction for violation of the statute requires proof of

> "'acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action.  It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed.'"

Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925)).

Thus, like the statute considered by the Virginia Supreme Court in Jones, Code § 18.2-460(A) requires "actual hindrance or obstruction of the officer," "opposition or resistance by direct action." Polk v. Commonwealth, 4 Va. App. 590, 594, 358 S.E.2d 770, 772-73 (1987).[2] "[O]bstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult" or "frustrate[s] [his or her] investigation." Ruckman, 28 Va. App. at 429, 430, 505 S.E.2d at 389, 390.

Here, defendant's false statements doubtlessly burdened Trooper Bradford with a brief, but unnecessary, visit to the Diamond Lodge. However, such conduct by defendant did not "prevent the officer from performing his duty" in a fashion which "impli[ed] opposition or resistance by direct action and forcible or threatened means." Jones, 141 Va. at 479, 126 S.E. at 77. Accordingly, the evidence was insufficient to support conviction of defendant for a violation of Code § 18.2-460(A).

GRAND LARCENY

Upon completion of the trial for obstruction of justice, prosecution of the grand larceny indictment commenced before a jury. Trooper Bradford's evidence was substantially consistent

---

[2] In contrast to both the instant appeal and Ruckman, Polk addressed a violation of former Code § 18.2-460(A), which proscribed an "attempt to intimidate or impede by threats," not the "actual 'obstruction'" contemplated by the present statute. Id. at 594-95, 358 S.E.2d at 773 (emphasis added).

with his earlier testimony, although he added that defendant possessed a key to the car.

Richard Lemenzo, manager of the Hertz Rental Car facility located at the Richmond airport, testified that the stolen vehicle had been "rented on March 4th, . . . out of Newark, New Jersey" and returned to the Richmond airport facility on March 6, "by the same person who rented the car." Lemenzo explained that, upon return of cars by customers, "[t]he keys are just usually left on the front seat and the trunks are open." A "nonrental report" generated internally by Hertz reported "no movement on the [subject] car," for eight days, and the ensuing investigation resulted in a "stolen car report" to police on March 28, 1997.

Commonwealth witnesses Deborah Barnes and Phillip Bailey testified that a man identifying himself as Eric Dobson (defendant) telephoned Barnes "back in March."[3] Later that day, pursuant to an invitation received during the earlier phone conversation, defendant visited Barnes' home, driving "a car exactly like" the stolen vehicle.

Following defendant's arrest, Billy Fowlkes, a tow truck operator, recovered the car for Hertz and noticed "a very vile smell." Cleaning the car, Fowlkes discovered a wallet containing defendant's driver's license, "stuck down between the seat and the console." Fowlkes also found an envelope in the trunk, addressed

---

[3] The substance of this telephone conversation was not allowed into evidence.

to "Lynnett T. Jones" and postmarked March 14, 1997, a rotten "hunk of meat," "some clothes," bedding, tapes, and a book.

At the close of the Commonwealth's case and, again, at the conclusion of all the evidence, the court denied defendant's motions to strike. Additionally, the trial court overruled defendant's objections to a jury instruction that embraced the inference arising from the exclusive possession of recently stolen goods. The jury convicted defendant of grand larceny, resulting in this appeal.

It is well established that,

> "[i]f . . . property be stolen, and recently thereafter be found in the exclusive possession of the prisoner, then such possession of itself affords sufficient ground for a presumption of fact that he was the thief; and, in order to repel the presumption, makes it incumbent on him, on being called on for the purpose, to account for such possession consistently with his innocence. If he give a reasonable account of it, then it devolves on the Commonwealth to prove that such account is untrue. If he give an unreasonable account of it, then it devolves on the prisoner to sustain such account by other evidence."

Castle v. Commonwealth, 196 Va. 222, 226, 83 S.E.2d 360, 363 (1954) (citations omitted); see Hackney v. Commonwealth, 26 Va. App. 159, 168, 493 S.E.2d 679, 684 (1997). Thus, "[f]or the 'larceny inference' to arise, the Commonwealth must establish that the accused was in exclusive possession of recently stolen

property."[4]  Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998) (citation omitted).

Defendant contends that the evidence was insufficient to establish that he exclusively possessed the stolen car.  However, he was clearly found operating the vehicle, with the attendant keys, and then asserted a right of possession, albeit falsely.  His wallet was found hidden in the vehicle, and he had been seen in exclusive possession of a car "exactly like" the stolen vehicle after the theft but prior to his arrest.  Although evidence suggests that others may have once occupied the vehicle, nothing indicates that these persons exercised dominion and control over the car or were in possession of it.  Under such circumstances, the jury properly concluded that defendant exclusively possessed the stolen car.

Lastly, defendant complains that the court erroneously instructed the jury that:  "Proof of the exclusive personal possession by the defendant of recently stolen goods is a circumstance [for] which you may reasonably infer that the defendant was the thief, unless the defendant offers a reasonable account of the possession consistent with innocence, which the Commonwealth has failed to prove untrue."  2 Virginia Model Jury Instructions, Criminal, No. 36.300 (1998 Repl. Vol.).  Relying on Mullaney v. Wilbur, 421 U.S. 684 (1975), defendant argues that the

---

[4] Defendant does not dispute that the car was "recently stolen."

instruction unconstitutionally denied him due process because "it impermissibly shifted the burden of proof to the defendant of a fact, the identity of the thief, necessary to convict him of grand larceny."

However, "neither the Due Process Clause nor Mullaney prohibits the use of presumptions or inferences as procedural devices to shift to the accused the burden of producing some evidence contesting the otherwise presumed or inferred fact." Hodge v. Commonwealth, 217 Va. 338, 341, 228 S.E.2d 692, 695 (1976). "These devices . . . must satisfy certain due process requirements, and the ultimate burden of proof beyond a reasonable doubt must remain upon the prosecution." Id. (citing Mullaney, 421 U.S. at 702-03 n.31). Thus, in analyzing the constitutionality of a jury instruction, "[t]he court must determine whether [it] creates a mandatory presumption, or merely a permissive inference." Francis v. Franklin, 471 U.S. 307, 314 (1985) (citations omitted).

> "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.
> . . . A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury."

Kelly v. Commonwealth, 8 Va. App. 359, 374, 382 S.E.2d 270, 278 (1989) (quoting Francis, 471 U.S. at 314-15). The instruction in Mullaney created an unconstitutional, mandatory presumption because it relieved the prosecution of its burden of persuasion on an element of the offense. See 421 U.S. at 686.

Here, the trial court instructed the jury that it "may" infer that defendant had stolen the car from proof of several indispensable circumstances, including a recent theft and exclusive possession without a reasonable, truthful explanation. Thus, the jurors were not directed to draw any inference. Other instructions properly admonished that the Commonwealth had the burden of proving all elements of the offense, including proof that defendant's explanation was untrue, that defendant was presumed innocent, and that he had no burden to produce any evidence. Accordingly, the challenged instruction created a constitutional, permissive inference, which the jury was free to reject.

We, therefore, affirm the grand larceny conviction and reverse the conviction of obstruction of justice.

Affirmed in part,
reversed in part,
and final judgment.