COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


DANIEL SCOTT PIELA

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0550-99-1              JUDGE RICHARD S. BRAY
                                             APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                    William H. Shaw, III, Judge

         Andrea K. Amy-Pressey for appellant.

         Donald E. Jeffrey, III, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Daniel Scott Piela (defendant) was convicted in a bench trial

of obstructing justice in violation of Code § 18.2-460(A).[1]

Appealing to this Court, he challenges the sufficiency of the

evidence to support the conviction.  Finding no error, we affirm

the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] Although both the warrant and conviction order reference
Code § 18.2-460 generally, the warrant alleges conduct
proscribed by paragraph (A) of the statute and the briefs and
oral argument addressed only that provision.

I.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

On November 21, 1998, Gloucester County Sheriff's Deputy Lawrence Stolk, a "watch commander" at the local jail, was on duty when a "small riot" erupted in the "dayroom" of the "maximum security cell block," then housing "10 to 12" inmates in four cells. Stolk immediately initiated a "lockdown," which required all inmates "to go back into their separate cells." After "[a] lot of noise, . . . complaining, . . . and cursing," jail staff "got them all back in," the cell doors were electronically closed and locked, and Stolk departed the area.

Within minutes, Stolk "got a call to come back." Returning, he observed defendant "standing in the doorway" of his cell, "holding the door open." As Stolk watched, defendant "took one of his plastic shoes and put it in the locking mechanism to stop the door from closing," resulting in a "grinding sound." Uncertain

-

"what kind of damage had been done" to the door, Stolk decided to temporarily relocate defendant pending investigation. However, when Stolk approached defendant, then inside his cell, and requested him to "get . . . out of the bed," defendant "cursed"[2] Stolk and repeatedly refused to cooperate. Finally, Stolk, aided by two deputies, "put [defendant] up against the wall," applied "a come-along hold," and removed him from the cell. Defendant physically "resisted" and "curse[d] all the time," reminding Stolk that "he wouldn't be in jail forever" and threatening to "take care of" him when "he had the chance."

Defendant argues on appeal that such "conduct did not oppose, impede or resist the officer's efforts to ensure a secure prison" but only offended and insulted Stolk.

II.

Code § 18.2-460(A) provides, in pertinent part, that "[i]f any person without just cause knowingly obstructs . . . any law enforcement officer in the performance of his duties or refuses without just cause to cease such obstruction when requested to do so by such . . . law enforcement officer, he shall be guilty of a Class 2 misdemeanor."

> "'To constitute an obstruction of an officer
> in the performance of his duty, it is not
> necessary that there be an actual or
> technical assault upon the officer, but
> there must be acts clearly indicating an

---

[2] The record reflects that defendant "called [Stolk] a big ear son of a bitch."

-

> intention on the part of the accused to
> prevent the officer from performing his
> duty, as to obstruct ordinarily implies
> opposition or resistance by direct action.
> . . . It means to obstruct the officer
> himself not merely to oppose or impede . . .
> the officer . . . .'"

Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925) (citation omitted)).  Thus, "fail[ing] to cooperate fully with an officer" or engaging in conduct which "merely renders the officer's task more difficult" is not proscribed by Code § 18.2-460(A).  Id.

Here, defendant's conduct constituted direct action clearly calculated to resist, oppose, impede and prevent Stolk from the lawful discharge of his duties.  After intentionally disabling the cell door, which prevented a proper lockdown, defendant refused to exit his cell on command, and physically resisted the efforts of Stolk and other law enforcement officers to remove him, while cursing and threatening Stolk.  Such behavior did not simply burden the task of a law enforcement officer, but necessitated affirmative and violent intervention to allow the proper performance of his duties, circumstances clearly contemplated by Code § 18.2-460(A).

Accordingly, we find the evidence sufficient to prove the conviction and affirm the trial court.

Affirmed.

-