COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


RODRISSA ELIZABETH POLITE COLLINS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2080-06-2                  JUDGE JEAN HARRISON CLEMENTS
                                                      DECEMBER 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
W. Allan Sharrett, Judge

David O. Prince for appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Rodrissa Elizabeth Polite Collins (appellant) was convicted in a bench trial of

misdemeanor obstruction of justice, in violation of Code § 18.2-460.  On appeal, appellant

contends the evidence was insufficient as a matter of law to support her conviction.  We disagree

and, thus, affirm appellant's conviction.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

BACKGROUND

"On appeal, we construe the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Zoretic v. Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

13 Va. App. 241, 242, 409 S.E.2d 832, 833 (1991) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).  We discard evidence favorable to the accused that conflicts with the Commonwealth's evidence.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).  So viewed, the evidence demonstrates that after observing appellant's vehicle traveling at a rate of 84 miles per hour in a posted 65 mile-per-hour zone Trooper E.T. Singleton activated his emergency lights and initiated a traffic stop.  When Singleton approached, appellant told him she was not speeding and demanded a "prayer for judgment."  Singleton told appellant that he did not know what a "prayer for judgment" was, but that he needed to see her license and registration.  Appellant eventually handed her license and registration to Singleton, and he returned to his patrol car to prepare a summons.

When Singleton asked appellant to sign the summons, explaining that the promise to be present for trial was not an admission of guilt, she refused to do so.  Singleton explained that if appellant did not sign the summons, he would arrest her.  She again refused to sign the summons.  Singleton repeated several times that he would arrest her if she did not sign.  When appellant returned the summons to Singleton unsigned, he informed her that she was under arrest.

Singleton ordered appellant to exit her car, and repeated this command several times, but appellant refused to exit the vehicle.  Appellant told Singleton she was now willing to sign the summons, but he responded that it was too late.  After she continued to refuse to exit the vehicle, Singleton returned to his vehicle to request backup, and waited "a while" for it to arrive.  When no backup arrived, he returned to appellant's car.

Appellant had rolled up her window, and she now ignored his repeated order to exit the vehicle.  Singleton then displayed his collapsible baton and tapped several times on appellant's window, warning that he would break the glass if she did not exit.  Appellant rolled down her window.  When Singleton eventually got the appellant's door open appellant remained belted to

her seat and made no move to exit.  Singleton then brandished his pepper spray and told appellant he would spray her if she did not exit.  She complied.

Singleton ordered appellant to turn her back to him, and appellant turned, then walked toward the back of her vehicle.  Singleton told her to stop, but she continued, stopping at the back of her vehicle.  Singleton "took her by the arm" to handcuff her, but she pulled away, her sweater stretching in his grasp.  Singleton grabbed her arm again, and appellant "kept pulling away," moving to the passenger side of the vehicle rear.  Eventually Singleton was able to handcuff appellant.

Appellant was charged with felony obstruction under Code § 18.2-460(C), but at trial the court reduced the charge to misdemeanor obstruction.  At the conclusion of the trial, the court convicted appellant of that charge.  This appeal followed.

ANALYSIS

On appeal, appellant contends the evidence presented at trial was insufficient to sustain her conviction under Code § 18.2-460(A).[1]  We disagree.

Code § 18.2-460(A) states:

> If any person without just cause knowingly obstructs . . . any law enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law enforcement officer, he shall be guilty of a Class 1 misdemeanor.

To violate the statute, there need not "'be an actual or technical assault upon the officer.'" Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925)).  Rather, "'there must be acts

---

[1] Based on colloquy in the trial court, there is some reason to believe that appellant may—in the alternative—have been convicted under the provisions of subsection B.  Appellant argues solely that the evidence was insufficient under subsection A.  We assume therefore, without deciding, that appellant was convicted under Code 18.2-460(A).

clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action.'" Id. (quoting Jones, 141 Va. at 479, 126 S.E. at 77).

Here, appellant's conduct clearly indicates she intended to prevent Singleton from performing his duty. Appellant refused to exit her car, thereby causing the officer to call for back-up and threaten to use pepper spray on her and break her car window. Once outside the car, she did not heed Singleton's instruction to stop, and instead moved away from the rear of the vehicle. She then physically resisted the efforts of Singleton to handcuff her. She kept pulling away from him as he attempted to put her in handcuffs, causing her sweater to stretch. Appellant's refusal to obey Singleton's order to get out of her car, her walking away after having been told she was under arrest, and her "pulling" and "tugging" from Singleton's grasp obstructed his execution of her arrest.

We hold, therefore, that the evidence was sufficient to prove that appellant obstructed justice, in violation of Code § 18.2-460(A). Accordingly, we affirm the trial court's judgment and appellant's conviction.

Affirmed.