COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


STACEY PETTAWAY, S/K/A
  STACEY MATTHEW PETTAWAY

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1030-08-2                    JUDGE WILLIAM G. PETTY
                                                        APRIL 21, 2009

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                        Robert G. O'Hara, Jr., Judge

        Mary K. Martin for appellant.

        Joshua M. Didlake, Assistant Attorney General (Robert F.
        McDonnell, Attorney General; William C. Mims, Acting Attorney
        General, on briefs), for appellee.


        Following the trial court's denial of his motion to suppress, appellant, Stacey M. Pettaway,

entered a conditional guilty plea, pursuant to Code § 19.2-254, to one count of possession of

cocaine, in violation of Code § 18.2-250.  Pettaway argues on appeal that the trial court erred when

it refused to suppress evidence recovered from his person.  For the reasons that follow, we disagree

with Pettaway and affirm his conviction.

                                               I.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view those facts and incidents "in the light most favorable to the Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the party prevailing below, giving it all reasonable inferences fairly deducible from the evidence." Bowling v. Commonwealth, 51 Va. App. 102, 104, 654 S.E.2d 354, 355 (2007) (citing Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993)). On June 19, 2007 at approximately 4:30 in the morning, Officer Waldrep of the Hopewell Police Department responded to a telephone complaint "of a subject attempting to gain entry" into a car. When he arrived at the scene, the dispatcher advised him that "the caller's husband, Nelson Walker, had followed the suspect." The officer spoke to Walker, who identified Pettaway as the perpetrator.

Before Waldrep could ask Pettaway any questions, Pettaway got up from where he was sitting and "started to approach [Officer Waldrep] in a quick manner," rambling nonsensically. Because Officer Waldrep was by himself at 4:30 in the morning, and Pettaway was approaching him in a threatening manner, Officer Waldrep told Pettaway to put his hands on the police car so he could "pat [him] down for weapons." However, as Officer Waldrep "reached for [Pettaway] to begin to pat him down," Pettaway "shoved both of his hands in his pockets." Officer Waldrep asked Pettaway to remove his hands from his pockets and to place them back on the hood of his police car, but, when the officer approached him, Pettaway "immediately shoved his right hand into his right hand pocket." Officer Waldrep then "braced" Pettaway's right arm, and struggled "to get his hand out of his pocket."

At that point, the officer "just held [Pettaway] on the hood of" his police cruiser "until [the] back-up unit arrived." When back-up arrived, the officers put Pettaway in handcuffs because "[h]e was struggling to get something in his right hand pocket." After Pettaway was handcuffed, Officer Waldrep asked Pettaway what he had in his pocket. Pettaway replied that he was trying to get his cigarettes out of his pocket. "[A]t that time, [Officer Waldrep] just reached into his right hand pocket, removed a pack of Newport's, and plainly sticking out of the . . . pack of Newport's, without . . . having to manipulate the box . . . was a crack pipe."

- 2 -

At the suppression hearing, Pettaway conceded that Officer Waldrep had sufficient reasonable suspicion to justify a Terry seizure. He argued, however, that Officer Waldrep did not have sufficient suspicion that Pettaway was armed to justify a pat-down search for weapons. He also argued that the subsequent search exceeded the permissible scope of a Terry pat down when the officer actually put his hand inside Pettaway's pocket and removed the pack of cigarettes. The trial court rejected his argument, and held that the officer was justified in conducting a pat down for officer safety. The trial court also held that Pettaway's actions frustrated the pat down when "[h]e stuffed his hands in his pocket." At that point, the court held, "the officer [wound] up putting him in custody, which I think was the only recourse he had."[1] The trial court denied the motion to suppress, Pettaway entered a conditional guilty plea, and this appeal followed.

## II.

Under settled principles, we address the legal issues arising from a suppression motion "'only after the relevant historical facts have been established.'" Raab v. Commonwealth, 50 Va. App. 577, 579, 652 S.E.2d 144, 146 (2007) (*en banc*) (quoting Logan v. Commonwealth, 47 Va. App. 168, 171, 622 S.E.2d 771, 772 (2005) (*en banc*)). On appeal, the facts developed in the trial court must be reviewed "in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Glenn v. Commonwealth, 49 Va. App. 413, 416, 642 S.E.2d 282, 283 (2007) (*en banc*) (citation omitted), aff'd, 275 Va. 123, 654 S.E.2d 910 (2008). The defendant has the burden to show that, considering the evidence in the light most favorable to the Commonwealth, the trial court's denial of his suppression motion was reversible error. Bolden v. Commonwealth, 263 Va. 465, 470, 561 S.E.2d 701, 704 (2002).

---

[1] Pettaway was arrested for obstruction of justice in violation of Code § 18.2-460 as a result of his actions on July 19. He was subsequently convicted of that offense on September 10, 2007, case number GC07000612-00, in the General District Court for the City of Hopewell.

It is well settled that a police officer does not violate the Fourth Amendment when he detains an individual for the purpose of a brief investigation when the officer "has reasonable, articulable suspicion that a person is engaging in, or is about to engage in, criminal activity." McGee v. Commonwealth, 25 Va. App. 193, 202, 487 S.E.2d 259, 263 (1997) (*en banc*). "There is no 'litmus test' for reasonable suspicion. Each instance of police conduct must be judged for reasonableness in light of the particular circumstances." Castaneda v. Commonwealth, 7 Va. App. 574, 580, 376 S.E.2d 82, 85 (1989). The reasonable suspicion standard is less stringent than that of probable cause. Harmon v. Commonwealth, 15 Va. App. 440, 445, 425 S.E.2d 77, 79 (1992).

Here, the record reflects that while Pettaway voluntarily approached Officer Waldrep, he was "seized" shortly thereafter. This seizure was reasonable under the totality of the circumstances in this case. An eyewitness had identified Pettaway as the person who had attempted to break into a car. When confronted, appellant rapidly approached Officer Waldrep — who was alone, at 4:30 in the morning — while mumbling incoherently. Moreover, Pettaway persistently attempted to reach into his pants pocket. Accordingly, Officer Waldrep was justified in detaining Pettaway in order to conduct a pat-down search for weapons in order to protect his personal safety. Terry v. Ohio, 392 U.S. 1, 21-22 (1968); see also McCain v. Commonwealth, 275 Va. 546, 552, 659 S.E.2d 512, 515 (2008).

When Pettaway refused to allow Officer Waldrep to conduct that pat-down search and began to struggle with him, the situation changed. At that point, the officer had probable cause to arrest Pettaway for obstruction of justice.[2] According to Code § 18.2-460(A):

---

[2] At oral argument, the Attorney General took the position that this case did not involve a search incident to arrest because Officer Waldrep did not testify that he arrested Pettaway at the time of the search. However, "[a]n action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify [the] action. The officer's subjective motivation is irrelevant." Brigham City v. Stuart, 547 U.S.

- 4 -

> If any person without just cause knowingly obstructs . . . any law enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law enforcement officer, he shall be guilty of a Class 1 misdemeanor.

To violate this statute, there need not "'be an actual or technical assault upon the officer.'" Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925)). Instead, "'there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action.'" Id. (quoting Jones, 141 Va. at 479, 126 S.E. at 77).

Accordingly, we disagree with Pettaway that the search was "in the absence of probable cause" or in "the absence of any arrest." Here, Pettaway refused to remove his right hand from his right pants pocket and struggled with Officer Waldrep to such an extent that Officer Waldrep had to hold him down against his police cruiser until help could arrive. At that point, Officer Waldrep not only had probable cause to believe that Pettaway violated Code § 18.2-460(A), but, as the trial court found, actually put Pettaway in custody. "[T]he test of constitutional validity [for a warrantless search] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense had been committed." DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987) (citing Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)); Code § 19.2-81. Thus, we hold that Officer Waldrep was conducting a reasonable search incident to

---

398, 404 (2006) (internal quotation marks and citations omitted). Because a party cannot concede the law, Cross v. Commonwealth, 49 Va. App. 484, 494, 642 S.E.2d 763, 768 (2007), we do not give weight to this concession. "Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal. Because the law applies to all alike, it cannot be subordinated to the private opinions of litigants." Logan, 47 Va. App. at 172, 622 S.E.2d at 773.

arrest when he removed the crack pipe from Pettaway's pocket.  See United States v. Robinson, 414 U.S. 218, 234-35 (1973) (One of the exceptions to the warrant requirement is a search incident to arrest based on the need to disarm the suspect in order to take him into custody and the need to preserve evidence for later use at trial.).

III.

Because Officer Waldrep had probable cause to arrest Pettaway for obstruction of justice and conducted a reasonable search incident to arrest, we conclude that the trial court correctly denied the motion to suppress.  Hence, we affirm Pettaway's conviction.

Affirmed.