COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, McClanahan and Petty
Argued at Richmond, Virginia


ARNOLD EDWIN KEE

                                                 MEMORANDUM OPINION[*] BY
v.       Record No. 2597-08-1               JUDGE ROBERT P. FRANK
                                                     NOVEMBER 10, 2009
CITY OF HAMPTON


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Kimberly Enderson Hensley, Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

(Lesa J. Yeatts, Senior Deputy City Attorney, on brief), for appellee.
Appellee submitting on brief.


Arnold Edwin Kee, appellant, was convicted, in a bench trial of a misdemeanor, obstruction of justice, in violation of Hampton City Code § 24-7.[1] On appeal, appellant challenges the sufficiency of the evidence. For the reasons stated, we reverse and dismiss.

BACKGROUND

On July 24, 2008, Officer Cooke of the Hampton Police Department was dispatched to a certain address on what he termed a "third party domestic." The record does not indicate any further information as to the nature or source of the "domestic," other than it was an anonymous caller. The officer arrived at the residence and knocked on the door. Shortly thereafter, other officers arrived. Appellant answered the door and appeared to be agitated. The officer smelled alcohol and observed a scratch mark on appellant's forearm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Hampton City Code § 24-7 tracks the language of Virginia Code § 18.2-460(A).

Officer Cooke heard a "verbal noise" from the interior of the house. Appellant indicated he lived in the house with his mother. The officer asked appellant several times for permission to enter the premises to ensure the mother was "fine." Appellant responded his mother was fine and if he wanted to talk to his mother, he could go to the side of the house and knock on that door.

Officer Cooke declined to do so for "citizen and officer safety," being concerned appellant might lock the front door and create a hostage situation.

The officer, without a search warrant, then entered the house. Appellant stepped back and put his hands up. Cooke then placed appellant under arrest, put him on the floor, and handcuffed him. Appellant's mother appeared, and the officer checked on her welfare.[2]

On cross-examination, Cooke indicated there were no exigent circumstances to enter the premises other than the "domestic" report, that he saw a small scratch on appellant's arm, and his "citizen and officer safety" concerns.

In his motion to strike, appellant argued the police entry into appellant's home was illegal because no exigent circumstances existed to authorize entry without a search warrant.[3]

Appellant also argued his actions did not constitute obstruction of justice. The City responded exigent circumstances did exist and that appellant obstructed justice by preventing the officer from confirming the well-being of appellant's mother.

The trial court found appellant guilty. This appeal follows.

---

[2] The record is silent as to mother's condition.

[3] Appellant did not file a motion to suppress or raise a Fourth Amendment challenge, nor did he argue that he had "just cause" to impede the officer because of an illegal entry. Therefore, we will not address the legality of the officer's entry.

<u>ANALYSIS</u>

Appellant contends he did not obstruct justice because he did not prevent the officer from performing his duty, oppose or resist the officer by any direct action in the officer's investigation of the anonymous "domestic" call.

The City argues appellant's failure to allow the police to determine the mother's well-being and failure to allow the officer's entry constitutes obstruction of justice.

> It is well established "that the judgment of the court sitting without a jury will not be set aside unless it is plainly wrong or without evidence to support it. However, a trial court's conclusion based on evidence that is 'not in material conflict' does not have this binding effect on appeal." <u>Williams v. Commonwealth</u>, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (quoting <u>Hankerson v. Moody</u>, 229 Va. 270, 274-75, 329 S.E.2d 791, 794 (1985)). A "trier of fact . . . 'may not arbitrarily disregard uncontroverted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record,'" and a finding under such circumstances presents a question of law, reviewable by this Court on appeal. <u>Id.</u> at 669-70, 418 S.E.2d at 348.

<u>Watson v. Commonwealth</u>, 17 Va. App. 124, 125-26, 435 S.E.2d 428, 429 (1993).

The City of Hampton prosecuted this misdemeanor matter against appellant. Hampton City Code § 24-7 provides:

> If any person without just cause knowingly obstructs . . . any law-enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer, he shall be guilty of a Class 1 misdemeanor.

Because City Code § 24-7 tracks the language of Virginia Code § 18.2-460(A), decisions interpreting § 18.2-460(A) guide our analysis. Virginia jurisprudence has established that "there is a broad distinction between avoidance and resistance or obstruction." <u>Jones v. Commonwealth</u>, 141 Va. 471, 478, 126 S.E. 74, 77 (1925).

> To constitute obstruction of an officer in the performance of his duty, it is not necessary that there be an actual or technical assault

- 3 -

upon the officer, but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action . . . . It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed.

Id. at 478-79, 126 S.E. at 77. "As the Supreme Court of Virginia has held, . . . 'obstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult but does not impede or prevent the officer from performing that task.'" Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones, 141 Va. at 478, 126 S.E. at 76). For example, an accused's hiding or seeking "to escape [an] officer by merely running away [is] not such an obstruction as the law contemplates." Id. at 430, 505 S.E.2d at 389.

An understanding of the facts in Ruckman is necessary for this analysis. In Ruckman, this Court overturned the defendant's obstruction of justice conviction. During a car accident investigation, the defendant allegedly impeded the state trooper's investigation by giving "conflicting statements" as to his role in the accident. Id. at 430, 505 S.E.2d at 389. The Court determined that although the defendant's "conflicting statements may have frustrated [the trooper's] investigation, the statements did not oppose, impede, or resist [the trooper's] efforts to conduct an investigation." Id. at 431, 505 S.E.2d at 390. The Court explained that the trooper was "fully able to investigate" the car accident and "[o]n at least three occasions, he questioned witnesses and gathered facts about the accident." Id. at 430, 505 S.E.2d at 389. Thus, the trooper pursued alternative means of investigation, despite the "fact that during the third interview [the defendant] stated that he could no longer remember who was driving the truck." Id. at 430-31, 505 S.E.2d at 389. Ruckman suggests that passive behavior does not constitute obstruction.

- 4 -

Similarly, here, the officer was able to continue his investigation by stepping into the house. The officer was able to "fully" investigate the domestic dispute once appellant acquiesced to the officer's authority and moved back into the house with his hands in the air. He did not obstruct the officer's entry into the house. It is uncontroverted that despite appellant's initial failure to allow the officer in his house, the officer sought an alternate means of investigation. He ignored appellant's protestations, entered the premises, walked past appellant, and conducted the investigation. These facts mirror the facts of Ruckman.

In this case, appellant, by initially not allowing the police officer into his house, merely made the investigation more difficult by failing to cooperate with the officer. There was no direct act by appellant to resist the officer. Courts have repeatedly held that such indirect acts are not enough to constitute obstruction. See generally Rogers v. Pendleton, 249 F.3d 279 (4th Cir. 2001) (finding appellant was not guilty of obstruction for standing in front of an officer who wanted to search the grounds around his home, when the officer simply stepped around appellant); Atkins v. Commonwealth, 54 Va. App. 340, 678 S.E.2d 834 (2009) (holding that appellant's fleeing and then providing a false name to police was not obstruction); but see Love v. Commonwealth, 212 Va. 492, 184 S.E.2d 769 (1971) (holding that appellant obstructed justice when he brandished a shotgun at law enforcement officers); Polk v. Commonwealth, 4 Va. App. 590, 358 S.E.2d 770 (1987) (holding that appellant's repeated threats to kill a law enforcement officer, coupled with his intent to intimidate, constituted obstruction).

Therefore, we conclude the trial court erred as a matter of law, in finding the evidence sufficient to convict appellant of obstruction of justice. We reverse the judgment of the trial court and dismiss the warrant.

Reversed and dismissed.