COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Haley
Argued at Richmond, Virginia

JONATHAN WAYNE BROWN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0770-09-2                      JUDGE JAMES W. HALEY, JR.
                                                    JANUARY 19, 2010

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Burnett Miller, III, Judge

            Mufeed W. Said (Mufeed W. Said, P.L.L.C., on brief), for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (William C.
            Mims, Attorney General; Joshua M. Didlake, Assistant Attorney
            General, on brief), for appellee.


                                    I.  INTRODUCTION

        Appealing his conviction for obstruction of justice in violation of Code § 18.2-460(A),

Jonathan Wayne Brown argues the evidence was insufficient to support his conviction.  Brown

maintains his forcible removal of his arm from the grip of a police officer arresting him and his

flight from the officer only represented avoidance of the officer not covered by the obstruction

statute.  We affirm.

                                    II.  BACKGROUND

        In the early morning hours of August 25, 2008, police officer A.W. Downer conducted a

traffic stop of a vehicle driven by Brown.  When Downer requested Brown to provide a license

and registration, Brown stated his license was suspended.  Brown did state his social security

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

number and date of birth. Downer returned to his police vehicle and confirmed the identifying information given by Brown was correct and that Brown's license was suspended.

Downer then decided to arrest Brown. He returned to Brown's vehicle and told Brown that he was under arrest. As Downer testified:

> Q. What happened then?
>
> A. I asked him to exit the vehicle, at which time I went to place handcuffs on Mr. Brown. He fled on foot . . . after I had grabbed one arm of him, while attempting to place him in custody.

Brown successfully eluded capture at the time.

## III. ANALYSIS

On appeal, we view "the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence." Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008). We "will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

Code § 18.2-460(A) states that "[i]f any person without just cause knowingly obstructs a . . . law-enforcement officer . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer," he is guilty of obstruction of justice.

Recently, our Supreme Court explained the meaning of obstruction of justice:

> To constitute obstruction of an officer in the performance of his duty, it is not necessary that there be an actual or technical assault upon the officer, but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action and forcible or threatened means. It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed.

Jordan v. Commonwealth, 273 Va. 639, 648, 643 S.E.2d 166, 171 (2007) (citation omitted); see

also Atkins v. Commonwealth, 54 Va. App. 340, 343, 678 S.E.2d 834, 835 (2009).  Likewise, we

have interpreted this statute to mean that obstruction "does not occur when a person fails to

cooperate fully with an officer or when the person's conduct merely renders the officer's task

more difficult but does not impede or prevent the officer from performing that task."  Ruckman

v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998).  Actions that may

frustrate an officer, but do not "oppose, impede, or resist" him do not constitute obstruction.  Id.

at 431, 505 S.E.2d at 390.

Typically, a person's attempt to avoid contact with an officer by fleeing or moving away

does not suffice for an obstruction charge.  Interpreting section 55-C of the Mapp Prohibition

Law,[1] our Supreme Court long ago stated, albeit in *dicta*:

> The fact that the accused sought to escape the officer by
> merely running away was not such an obstruction as the law
> contemplates.  While it is the duty of every citizen to submit to
> lawful arrest, yet flight is not such an offense as will make a person
> amenable to the charge of resisting or obstructing an officer who is
> attempting to make an arrest, as there is a broad distinction
> between avoidance and resistance or obstruction.

Jones v. Commonwealth, 141 Va. 471, 478, 126 S.E. 74, 76-77 (1925).[2]

---

[1] The section at issue stated:  "Any person who shall hinder or obstruct any officer of this State charged with the duty of inspecting baggage for ardent spirits, or the duty of ascertaining whether any ardent spirits is being illegally transported or stored . . . ."  Jones v. Commonwealth, 141 Va. 471, 473, 126 S.E. 74, 75 (1925).

[2] In Jones, two officers were chasing a car believed to contain ardent spirits.  Id. at 476, 126 S.E. at 76.  The defendant threw a bag of barley out the car window, erroneously believing its possession constituted a crime.  Id. at 476, 478, 126 S.E. at 76, 76.  The bag fell upon the highway.  Id. at 476, 126 S.E. at 76.  In reversing, our Supreme Court noted that:

> The only foundation upon which to base the contention . . .
> that the accused intended to obstruct the officer, is the inference to
> be drawn from the act done.  In view of the testimony of the
> accused that his intention of throwing out the bag of barley was not
> to obstruct the officer, but to get rid of evidence which he was

- 3 -

Brown's actions here, however, extended beyond those delineated in <u>Jones</u>.  He fled after being advised of his arrest and after Officer Downer had "grabbed one arm of him."  The act of pulling his arm from Downer constituted active resistance against a police officer so as to constitute obstruction of justice.[3]  The forcible removal of Brown's arm "prevent[ed] the officer from performing his duty" through "resistance by direct action and forcible" conduct.  <u>Jordan</u>, 273 Va. at 648, 643 S.E.2d at 171 (citation omitted).  Brown did not simply make "the officer's task more difficult," because Brown acted in a direct and forcible manner.  <u>Ruckman</u>, 28 Va. App. at 429, 505 S.E.2d at 389.  As one commentator has written:  "It is clear that a person who employs force or violence against an officer may be found guilty, under either the common law or under a statute, ordinance, or regulation, of the offense of resisting or obstructing an

> under the impression would convict him if found in his car, in our opinion does not warrant the conviction . . . . As a matter of fact the officer was not obstructed in the performance of his duty.  The momentary swerving of the automobile to avoid the bag of barley may or may not have been necessary.

<u>Id.</u> at 479-80, 126 S.E. at 77.
It was the act of throwing the bag of barley, not fleeing from the officer in his car, which was the basis of the Commonwealth's charge, and which was the factual foundation for the *ratio decidendi* of the opinion.  Accordingly, the remark in <u>Jones</u> about "flight" was not essential to resolve the Commonwealth's "sole contention" that "the obstruction charged in the indictment" arose only from "the act of throwing the bag of barley into the road."  <u>Id.</u> at 478, 126 S.E. at 77. *Dicta* generally refers to "that portion of an opinion 'not essential' to the disposition in the case" and "cannot serve as a source of binding authority in American jurisprudence."  <u>Newman v. Newman</u>, 42 Va. App. 557, 565-66, 593 S.E.2d 533, 537-38 (2004) (*en banc*) (citation omitted).
We express no opinion here on whether flight may or may not constitute obstruction, as we decide the case on other grounds.

[3] Downer's testimony, as quoted above, did not actually state Brown used force to remove his arm.  However, at trial, Brown's counsel characterized Brown's actions as "to break free from the grasp of the officer" and during oral argument before the panel of this Court, Brown's counsel conceded "it's certainly a reasonable inference" that Brown used force.  A reasonable fact finder could conclude Brown employed force to break free.

officer in the performance of his or her duties." Christopher Hall, Annotation, <u>What Constitutes Obstructing or Resisting Officer, in Absence of Actual Force</u>, 66 A.L.R.5th 397 § 2 (1999).

For the foregoing reasons, the judgment of the trial court is affirmed.[4]

<u>Affirmed.</u>

---

[4] We do not address whether Brown also escaped from the custody of a police officer in violation of Code § 18.2-478. <u>See</u> <u>Hall v. Commonwealth</u>, ___Va. App. __, ___ S.E.2d ___ (Dec. 22, 2009).