COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


MAYNARD RUCKMAN, JR., S/K/A
 MAYNARD F. RUCKMAN, JR.
                                        OPINION BY
v.        Record No. 2499-97-2    JUDGE SAM W. COLEMAN III
                                      OCTOBER 20, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF AMELIA COUNTY
                    Thomas V. Warren, Judge

         Robert E. Hawthorne, Jr. (Hawthorne &
         Hawthorne, P.C., on brief), for appellant.

         Jeffrey S. Shapiro, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Maynard F. Ruckman, Jr. was convicted in a bench trial for

obstruction of justice in violation of Code § 18.2-460(A).  On

appeal, Ruckman contends the evidence is insufficient to prove

that he knowingly obstructed a law enforcement officer in the

performance of his duties.  We agree and reverse the conviction.

     Code § 18.2-460(A) provides, in pertinent part, that "[i]f

any person without just cause knowingly obstructs . . . any law

enforcement officer in the performance of his duties or refuses

without just cause to cease such obstruction when requested to do

so by such . . . law enforcement officer, he shall be guilty of a

Class 2 misdemeanor."
             "To constitute an obstruction of an officer
             in the performance of his duty, it is not
             necessary that there be an actual or
             technical assault upon the officer, but there
             must be acts clearly indicating an intention
             on the part of the accused to prevent the

> officer from performing his duty, as to
> 'obstruct' ordinarily implies opposition or
> resistance by direct action. . . .  It means
> to obstruct the officer himself not merely to
> oppose or impede the process with which the
> officer is armed." . . .  [T]here is a broad
> distinction between avoidance and resistance
> or opposition.

Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925) (citation omitted).  As the Supreme Court has held, and as the plain language of the statute states, obstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult but does not impede or prevent the officer from performing that task.  For example, an accused's hiding or seeking "to escape [an] officer by merely running away [is] not such an obstruction as the law contemplates."  Jones, 141 Va. at 478, 126 S.E. at 76.

Viewed in the light most favorable to the Commonwealth, see Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991), the evidence established that on October 20, 1996, Virginia State Police Trooper J.R. White responded to the scene of an automobile accident involving a truck in which Ruckman and another man, James Marlin, were riding.  When interviewed by Trooper White, Ruckman stated that he "felt he was too intoxicated to drive . . . and that the other gentleman was driving."  In a second interview in April 1997, Ruckman again told the officer that he was not driving the truck.  But, in a third interview in June 1997, Ruckman told Trooper White that he

could not remember who was driving the truck but that he was too intoxicated to have been driving.

Trooper White charged Ruckman with obstructing a law enforcement officer in the performance of his duty based upon the fact that White claimed he could not complete an accident report to the Division of Motor Vehicles without further information as to who was operating the truck. Based on Trooper White's evidence concerning the variation in Ruckman's accounts, the trial court found that Ruckman "knowingly impeded [Trooper White] in the performance of his duty" to investigate the traffic accident and convicted Ruckman of obstruction of a law enforcement officer in violation of Code § 18.2-460(A).

The evidence is insufficient to support the conviction because it failed to prove that Ruckman "obstruct[ed]" White's investigation of the accident. No proof was offered that Ruckman opposed or resisted Trooper White's investigation of the accident or White's attempt to file his report with the Division of Motor Vehicles. Trooper White was fully able to investigate the single vehicle accident. On at least three occasions, he questioned witnesses and gathered facts about the accident. The fact that during the third interview Ruckman stated that he could no longer remember who was driving the truck did not oppose or impede the trooper from performing the investigation. Ruckman did not oppose or impede Trooper White's efforts to locate or interview witnesses. Rather, in the course of his investigation, the

trooper received what he may have considered conflicting statements from Ruckman as to whether Ruckman could remember who was driving the truck.  Cf. Hudson v. State, 218 S.E.2d 905, 907-08 (Ga. Ct. App. 1975) (defendant attempted to mislead police officers by falsely stating that suspect was in another city and was not present in defendant's home).  Although Ruckman's apparently conflicting statements may have frustrated Trooper White's investigation, the statements did not oppose, impede, or resist White's efforts to conduct an investigation.  Therefore, Ruckman did not "obstruct" Trooper White in the performance of his duties as contemplated by Code § 18.2-460(A).

Accordingly, we reverse the conviction and dismiss the charge.

Reversed and dismissed.