COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Overton


ANTHONY LAMONT WASHINGTON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1325-05-2                      JUDGE NELSON T. OVERTON
                                                    MAY 2, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

(Michael E. Hollomon, on brief), for appellant.  Appellant
submitting on brief.

(Judith Williams Jagdmann, Attorney General; Karri B. Atwood,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


        Anthony Lamont Washington was convicted following a bench trial of felonious obstruction

of justice, in violation of Code § 18.2-460(C).  On appeal, he challenges the sufficiency of the

evidence supporting his conviction.  For the reasons that follow, we disagree and affirm the trial

court's decision.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

        So viewed, the evidence proved that on June 19, 2003, Deputy Sheriff Mark Bailey was

"[s]itting down in the lockup unit waiting for . . . a transportation unit" to arrive at the courthouse

─────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to transport appellant back to jail following appellant's trial on unrelated charges. Appellant repeatedly asked Bailey and another deputy when the transportation would arrive. Bailey informed appellant that the call had been placed requesting transportation and instructed appellant to stop asking about it. Appellant responded by saying: "Fuck you. I will kill you, too."

ANALYSIS

On appeal, appellant argues the Commonwealth failed to demonstrate "that the deputy was engaged in the performance of any duty, or that he was impeded from performing any duty."

Code § 18.2-460(C) provides, in pertinent part: "If any person by threats of bodily harm or force knowingly attempts to intimidate or impede . . . any law-enforcement officer, lawfully engaged in the discharge of his duty . . . he shall be guilty of a Class 5 felony."

The evidence proved Bailey was charged with the duty of arranging transportation for appellant from the court back to jail. He was supervising appellant in the lockup area while waiting for the transportation to arrive when appellant threatened to kill him. Unquestionably, Bailey was performing his duties at the time of the threat. He was on-duty, observing appellant in the lockup area, and maintaining control of the area. The duty required of him as a law enforcement officer was to supervise appellant, a jail inmate, and ensure appellant was there and ready when transportation arrived to return the prisoner to jail.

Generally, obstruction of justice "does not require the defendant to commit an actual or technical assault upon the officer." Craddock v. Commonwealth, 40 Va. App. 539, 552-53, 580 S.E.2d 454, 461 (2003); Love v. Commonwealth, 212 Va. 492, 494, 184 S.E.2d 769, 771 (1971). However, "there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action." Craddock, 40 Va. App. at 553, 580 S.E.2d at 461; Ruckman v.

<u>Commonwealth</u>, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998). Although words alone can support a conviction for obstruction of justice, <u>see</u> <u>Polk v. Commonwealth</u>, 4 Va. App. 590, 594, 358 S.E.2d 770, 772 (1987), those words generally must contain some manner of a threat intended to intimidate the police officer.

Appellant threatened to kill Bailey as the officer was engaged in the duty of supervising appellant's transition from the court to the jail.

> The plain language of Code § 18.2-460(A) provides that *threats* constitute a violation of the statute when they are knowingly made in an attempt to intimidate or impede law enforcement officers who are performing their duties. Thus, it is the threats made by the offender, coupled with his intent, that constitute the offense. The resulting effect of the offender's threats, such as fear, apprehension, or delay, is not an element of the crime defined in Code § 18.2-460. By the express terms of the statute, it is immaterial whether the officer is placed in fear or apprehension. The offense is complete when the attempt to intimidate is made.

<u>Id.</u> at 593-94, 358 S.E.2d at 772. The Commonwealth was not required to prove Bailey was actually impeded or intimidated. Appellant's threat, made to Bailey while the officer was engaged in the performance of his duties, combined with the trial court's permissible inference that appellant intended to either impede or intimidate the officer, satisfied the statutory requirements. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of obstruction of justice.

<u>Affirmed.</u>