COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


DAVID YANCEY

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2638-06-1                   JUDGE RANDOLPH A. BEALES
                                                        JANUARY 15, 2008

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              Mark S. Davis, Judge

               Stacie A. Cass, Assistant Appellate Defender (Office of the
               Appellate Defender, on briefs), for appellant.

               Gregory W. Franklin, Assistant Attorney General (Robert F.
               McDonnell, Attorney General, on brief), for appellee.


        Following a bench trial, David Yancey (appellant) was convicted of possession of

cocaine in violation of Code § 18.2-250, trespassing in violation of Code § 18.2-119, and

misdemeanor obstruction of justice in violation of Code § 18.2-460(A).  He appeals from the

trial court's denial of his motion to suppress and also challenges the sufficiency of the evidence

to sustain his trespassing and obstruction of justice convictions.  For the reasons that follow, we

affirm in part and reverse in part.

                                         BACKGROUND

        At approximately 2:25 a.m. on February 8, 2006, Officer S.J. Blystone of the Portsmouth

Police Department observed appellant exit room 141 of the Traveler's Inn Motel, which is

located within the city of Portsmouth.  Blystone, who testified that he was an agent of the

Traveler's Inn Motel, knew that the motel did not allow patrons to have visitors between the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hours of 10:00 p.m. and 6:00 a.m. Blystone stated that the prohibition against guests is posted on signs placed at numerous, prominent locations on the property. Those signs state that the Portsmouth Police Department has the right to enforce the motel's no trespassing policy. One of these "no trespassing" signs is located about fifteen feet away from room 141.

Blystone approached appellant and said, "Good evening. Do you have a room here?" Appellant, according to Blystone, became irritated and responded, "Why are you harassing me? Ever since I got out of jail, all you guys have done is harass me." Blystone explained that he was investigating a trespass and asked appellant again if he had a room at the motel. Appellant responded no and explained that he was there to see a friend. Appellant again asked Blystone why he was being stopped, and Blystone reiterated that he was conducting a trespass investigation.

Immediately thereafter, appellant fled. Blystone yelled "Stop," began to chase appellant, and called for assistance. Appellant was ultimately chased down and taken into custody by another officer who had arrived on the scene. Blystone conducted a search of appellant's person incident to arrest, which garnered no contraband. Appellant was searched again once he reached the police station. The officer who searched appellant at the police station found a rock of crack cocaine in appellant's right thigh pocket.

Appellant argued before the trial court that Officer Blystone illegally detained him and "anything that was found as a result of that seizure should be suppressed." The trial court denied appellant's motion, finding Blystone's observation of "someone exiting [the motel] during prohibited hours" was a proper basis for a temporary detention. The trial court found appellant guilty of possession of cocaine, trespassing, and misdemeanor obstruction of justice.

ANALYSIS

A. <u>Motion to Suppress</u>

"'On appeal from a denial of a suppression motion, we must review the evidence in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences.'" <u>Kyer v. Commonwealth</u>, 45 Va. App. 473, 477, 612 S.E.2d 213, 215 (2005) (*en banc*) (quoting <u>Slayton v. Commonwealth</u>, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003)).

Generally speaking,

> [F]ourth amendment jurisprudence has placed police-citizen confrontations into three categories. First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the fourth amendment. Second, there are brief investigatory stops which must be based on specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant a limited intrusion. Third, there are highly intrusive, full-scale arrests, which must be based on probable cause.

<u>Iglesias v. Commonwealth</u>, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988).

"Consensual encounters 'need not be predicated on any suspicion of the person's involvement in wrongdoing,' and remain consensual 'as long as the citizen voluntarily cooperates with the police.'" <u>Blevins v. Commonwealth</u>, 40 Va. App. 412, 421, 579 S.E.2d 658, 662 (2003) (quoting <u>Payne v. Commonwealth</u>, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992)). "'As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.'" <u>Id.</u> (quoting <u>United States v. Mendenhall</u>, 446 U.S. 544, 554 (1980)). Furthermore, "a seizure does not occur simply because a police officer approaches an individual and asks a few questions.'" <u>Florida v. Bostick</u>, 501 U.S. 429, 434 (1991). "Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable searches merely by approaching individuals on the street or in other

public places and putting questions to them if they are willing to listen." United States v. Drayton, 536 U.S. 194, 200 (2002).

We recognize, though, that a consensual encounter may, and often does, evolve into an investigatory stop. A finding of when, or if, a consensual encounter evolved into a Terry stop is reviewed by this Court *de novo*. See McGee v. Commonwealth, 25 Va. App. 193, 201, 487 S.E.2d 259, 263 (1997) (*en banc*) ("Upon our *de novo* review, we find that the evidence supports the finding that the officers seized the defendant by their show of authority."). While "[t]here is no 'litmus test' for determining whether an encounter is consensual or constitutes an illegal seizure," if "a reasonable person would not feel free to decline an officer's requests or would not feel free to leave, the encounter is not consensual and constitutes an illegal seizure under the Fourth Amendment." Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003).

"In order to justify the brief seizure of a person by such an investigatory stop, the police officer must 'have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'" Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 465 (2003) (quoting Brown v. Texas, 443 U.S. 47, 51 (1979)). "To determine whether a police officer had a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity, a court must consider the totality of the circumstances." Id. Finally, while "determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal," we "review findings of historical fact only for clear error" and "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 691 (1996).

Here, Blystone's initial encounter with appellant was consensual. Blystone approached appellant and asked him in a conversational, polite tone whether or not he had a room in the motel. Appellant was not seized simply because Blystone asked appellant a question that might

incriminate him if answered in the negative.  See <u>Dickerson v. Commonwealth</u>, 266 Va. 14, 18, 581 S.E.2d 195, 197 (2003) (holding that an officer's question about "possession and use of marijuana" did not, in and of itself, convert a consensual encounter into an investigatory stop).

After appellant answered that he did not have a room at the motel and was visiting a friend at the motel, Blystone could quite reasonably have suspected appellant was trespassing, since appellant essentially admitted as much, and detained him to investigate further.  However, appellant's immediate flight prevented Blystone from actually detaining him.  Appellant was not, in fact, detained until an assisting officer apprehended him several blocks away from the motel. At that point, based upon the totality of the circumstances, Blystone and the assisting officers certainly had more than a hunch that appellant was involved in criminal activity.  See <u>Illinois v. Wardlow</u>, 528 U.S. 119, 124 (2000) ("Headlong flight -- wherever it occurs -- is the consummate act of evasion:  it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.").  Therefore, the officers did not violate the Fourth Amendment by detaining appellant at that point, and, consequently, the trial court correctly denied appellant's motion to suppress.

## B.  <u>Trespassing</u>

Appellant contends the evidence is insufficient to sustain his trespassing conviction. "Where an appellant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the party prevailing below, and we will affirm the judgment of the trial court unless plainly wrong or without evidence to support it."  <u>Aldridge v. Commonwealth</u>, 44 Va. App. 618, 648, 606 S.E.2d 539, 554 (2004).

Code § 18.2-119 reads, in pertinent part,

> If any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, *or after having been forbidden to do so by a sign or*

> *signs posted by such persons* . . . he shall be guilty of a Class 1
> misdemeanor.

(Emphasis added.) The trespass must be willful; "[a] good faith belief that one has a right to be on the premises negates criminal intent." Reed v. Commonwealth, 6 Va. App. 65, 71, 366 S.E.2d 274, 278 (1988). "[A] bona fide claim of right is a sincere, although perhaps mistaken, good faith belief that one has some legal right to be on the property. The claim need not be one of title or ownership, but it must rise to the level of authorization." Id.

Here, the record reflects that the motel posted numerous signs at prominent locations around their property prohibiting patrons from having visitors after 10:00 p.m. Those signs notified persons present on motel property after that hour that they were trespassing and advised that the Portsmouth Police Department had express authority to enforce the motel's no trespassing policy. While appellant claims not to have seen any of the signs, one of which was located fifteen feet away from the room he exited, the fact finder could quite reasonably conclude that he was lying, thereby negating any attempted claim of authorization. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 236 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). Therefore, viewing the evidence in the light most favorable to the Commonwealth as the party prevailing below, we hold the trial court's conviction of appellant for trespassing was certainly not plainly wrong or without evidentiary support, and we, therefore, affirm appellant's conviction for trespassing.

## C. Obstruction of justice

Appellant contends that he could not have been convicted of obstruction of justice based solely upon his flight from the scene, as Code § 18.2-460(A)[1] does not proscribe merely running

---

[1] Code § 18.2-460(A) states, "If any person without just cause knowingly obstructs . . . any law-enforcement officer in the performance of his duties as such or fails or refuses without

- 6 -

away from a law enforcement officer. The Commonwealth does not really address the merits of this contention in its brief, but instead argues the issue was not properly preserved for appellate review.

In order to preserve an issue for review by this Court, a litigant must state an objection to the trial court's ruling "together with the grounds therefor." Rule 5A:18. "The same argument must have been raised, *with specificity*, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) (emphasis added). Furthermore, as this Court has previously stated, "a challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987).

Here, at the close of the Commonwealth's case-in-chief, appellant moved "to strike on the sufficiency of the evidence." When asked by the trial court whether he wanted to address the motion further, appellant responded, "No, sir." Appellant, after testifying in his own behalf, moved to strike the evidence again, noting

> [a]s far as the trespassing and the obstruction of justice goes,
> [appellant] has testified that he was not aware that there were rules
> concerning visiting . . . and since he's indicated he did not know
> why he was stopped, he ran, so I would ask the Court to strike on
> the trespass and the obstruction of justice for those reasons.

Appellant's motions to strike, therefore, mounted only a general challenge to the sufficiency of the evidence to convict him of obstruction of justice. Consequently, appellant deprived the trial court of the opportunity to rule upon the specific argument he now makes on appeal. This approach fails to satisfy Rule 5A:18.

---

just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer, he shall be guilty of a Class 1 misdemeanor."

That being said, appellant urges us to invoke the ends of justice exception to Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly,' and only when a trial court error is 'clear, substantial and material.'" Tooke v. Commonwealth, 47 Va. App. 759, 764, 627 S.E.2d 533, 536 (2006) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)). "Thus, the 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." Mounce, 4 Va. App. at 436, 357 S.E.2d at 744. "In order to show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). See also Tooke, 47 Va. App. at 765, 627 S.E.2d at 536 ("In examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.").

Here, appellant argues that "[t]here is no evidence that [he] is guilty of obstruction of justice because running is insufficient to prove the statutorily enumerated elements of obstruction of justice." Appellant cites this Court's decision in Ruckman v. Commonwealth, 28 Va. App. 428, 505 S.E.2d 388 (1998), in support of that proposition. In that case, this Court, following the Virginia Supreme Court's decision in Jones v. Commonwealth, 141 Va. 471, 126 S.E. 74 (1925), noted

> obstruction of justice does not occur when a person fails to
> cooperate fully with an officer or when the person's conduct
> merely renders the officer's task more difficult but does not
> impede or prevent the officer from performing that task. For
> example, an accused's hiding or *seeking "to escape [an] officer by
> merely running away [is] not such an obstruction as the law
> contemplates*."

- 8 -

Ruckman, 28 Va. App. at 429-30, 505 S.E.2d at 389 (quoting Jones, 141 Va. at 478, 126 S.E. at 76) (emphasis added). See also Code § 18.2-460(A).

The Commonwealth, at oral argument, conceded that Jones and Ruckman provide the controlling law on what constitutes obstruction of justice in Virginia. Furthermore, the Commonwealth stated that the evidence in this record does not support a conviction for obstruction of justice, noting that obstruction requires a direct hindrance of the duties of a law enforcement officer and noting that flight does not provide that hindrance even when coupled with an officer's instruction to stop. Therefore, in light of the Virginia Supreme Court's description of the offense of obstruction of justice and the Commonwealth's concession that Jones and Ruckman are controlling, especially given the facts in the record of this case, we must hold that a miscarriage of justice occurred. Appellant could not have been convicted of violating Code § 18.2-460(A) based solely upon his flight from the scene, and no other evidence in the record points to any other conduct by appellant that might be interpreted as obstruction of justice. We, consequently, must reverse and vacate his conviction for obstruction of justice.

CONCLUSION

For the foregoing reasons, we affirm the denial of appellant's motion to suppress, and we affirm his conviction for trespassing, given the sufficiency of the evidence supporting that conviction. Based upon the Commonwealth's concession that the evidence in this case does not prove appellant obstructed justice, the Supreme Court's decision in Jones, and this Court's decision in Ruckman, we reverse and vacate his conviction for obstruction of justice.

Affirmed in part and reversed in part.