COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Alston and Senior Judge Willis
Argued at Richmond, Virginia


MYCHILA DEBRA TABRON
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2147-09-2                     JUDGE WILLIAM G. PETTY
                                                         JULY 27, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Catherine French, Supervising Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

John W. Blanton, Assistant Attorney General, (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted appellant Mychila Debra Tabron of one

count of obstruction of justice in violation of Code § 18.2-460(A).  Tabron now appeals this

conviction, arguing first that the evidence was insufficient to support her conviction.  We agree

and reverse her conviction.[1]

In accord with well-settled appellate principles, "we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite only those facts and incidents of the proceedings

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Given our determination that the evidence is insufficient to support Tabron's
conviction, we need not address her second question presented.

as are necessary to the parties' understanding of the disposition of these narrow questions presented on appeal.

According to Code § 18.2-460, a person is guilty of a Class 1 misdemeanor if she "knowingly obstructs . . . any law-enforcement officer, . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer . . . ." Our Supreme Court has held that, while "it is not necessary" for the Commonwealth to prove "an actual or technical assault upon the officer" to convict a defendant for obstruction, "there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to obstruct ordinarily implies opposition or resistance by direct action." Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925)) (citation and internal quotation marks omitted). The Commonwealth must prove that the defendant "obstruct[ed] the officer himself, not merely . . . oppos[ed] or imped[ed] . . . the officer . . . ." Id. Accordingly, "fail[ing] to cooperate fully with an officer" or engaging in conduct that "merely renders the officer's task more difficult" is not proscribed by Code § 18.2-460(A). Id.

Here, the record discloses that while Tabron may have made her arresting officer's task more difficult, she did not actually prevent him from performing his law enforcement duties. On April 30, 2009, Officer Sheer and Officer Carter, both of the City of Richmond Police Department, were assisting in the investigation of a series of break-ins. The detective in charge of the investigation instructed Officer Sheer and his partner to "detain" two suspects for questioning. When Officer Sheer located the individuals, he informed them that they were

wanted for questioning and began to talk to them.[2]  Tabron then arrived on the scene and asked

Officer Sheer why he had stopped the individuals.  After Officer Sheer explained his purpose,

Tabron "started to get loud."  Tabron then told the police that they did not have a right to talk to

the suspects, and she told the suspects they could leave any time.

In the meantime, four other officers arrived and were present at the scene.  However, only

Officer Sheer dealt with Tabron.  Officer Sheer told Tabron to leave the scene several times, but

she refused.  Instead, she stood about twenty feet from the officers and the suspects, and

repeatedly yelled at the suspects that they did not need to talk to the police and that they could

leave.  While she was loud and using hand gestures, she was not cursing.  Officer Sheer testified

that Tabron's actions "took [his] focus off the suspects" and that she was "making some of the

suspects irritated and agitated . . . ."  Officer Sheer also testified that her actions made the

suspects—who were not under arrest—unsure of whether they had to go to the precinct with the

officers.  The suspects, however, never walked away from the officers, and the officers were able

to detain them.  Eventually, Officer Sheer "tried to push [Tabron] away from the scene," and, at

that time, she "got irate."  At that point, Officer Sheer arrested her for obstruction of justice.

Here, of the five officers who were dispatched to detain two suspects for questioning,

only one, Officer Sheer, needed to step away from the suspects in order to speak to Tabron.  His

testimony revealed that Tabron was yelling at the suspects from a distance of twenty feet away.

He testified that she was loud and used hand gestures, but did not indicate that she was abusive

or profane.  Moreover, her actions did not actually prevent Officer Sheer from doing his duty—

he reported that neither of the suspects left and that both eventually went to the precinct for

---

[2] Officer Sheer initially testified that he was trying to "consensually get [the suspects] to come down to the precinct."  However, when asked if the suspects could have "said no thank you" the officer responded "[a]t that time, but they were going to be taken to the precinct for questioning."

questioning.  Hence, we hold that the evidence adduced at trial was insufficient to prove Tabron

obstructed justice, and we reverse her conviction.

Reversed.

Willis, J., dissenting.

In Ruckman v. Commonwealth, 28 Va. App. 428, 430, 505 S.E.2d 388, 389 (1998), the defendant identified to an investigating officer the driver of a truck that had been involved in an accident. He later told the officer that he could no longer remember who was driving. Holding that this disparity was insufficient to constitute obstruction of justice, we said, "Although Ruckman's apparently conflicting statements may have frustrated Trooper White's investigation, the statements did not oppose, impede, or resist White's efforts to conduct an investigation." Id. at 431, 505 S.E.2d at 390.

Officer Sheer lawfully sought to detain two suspects in regard to a felony investigation. "Yelling . . . screaming loudly," and "with lots of hand gestures," Tabron exhorted the suspects to resist detention. She told them they didn't have to talk to the officers, that they could just walk away. She caused them to become "irritated" and "agitated" and to refuse to cooperate. Asked to do so, she refused to desist or leave. She thereby opposed, impeded, and resisted Officer Sheer's efforts to conduct an investigation and obstructed him in the performance of his duty.

I would affirm the conviction.