**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5019**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

LERON J. FULLER,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Arenda Wright Allen, District
Judge.  (2:11-cr-00015-AWA-DEM-1)

_____

Submitted:  April 24, 2012          Decided:  April 27, 2012

_____

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Harry D. Harmon, Jr., Norfolk, Virginia, for Appellant.  Neil H.
McBride, United States Attorney, Jennifer Cantrell-Sutor,
Special Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leron J. Fuller appeals his four-month sentence and conviction following a jury trial for obstruction of justice, in violation of Va. Code Ann. § 18.2-460(B) (2009), as assimilated by 18 U.S.C. §§ 7, 13 (2006). Finding no reversible error, we affirm.

On appeal, Fuller first contends that the district court erroneously denied his motion for judgment of acquittal. We review de novo a district court's decision to deny a motion for a judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010). In reviewing the sufficiency of the evidence, this court's "role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." United States v. Delfino, 510 F.3d 468, 471 (4th Cir. 2007) (citation omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

Va. Code Ann. § 18.2-461(B) provides that "any person who, by threats or force, knowingly attempts to intimidate or impede . . . any law-enforcement officer . . . lawfully engaged in his duties as such" is guilty of a Class 1 misdemeanor. A conviction for obstruction of justice requires proof of "acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty." Rogers v. Pendleton, 249 F.3d 279, 291 (4th Cir. 2011) (quoting Ruckman v. Commonwealth, 505 S.E.2d 388, 389 (Va. Ct. App. 1998)). "Generally, obstruction of justice does not require the defendant to commit an actual or technical assault upon the officer." Brown v. City of Danville, 606 S.E.2d 523, 529 (Va. Ct. App. 2004) (internal quotation marks and citation omitted). Words alone can support a conviction for obstruction of justice if those words "contain some manner of a threat intended to intimidate the police officers." Id. at 529 (citing Polk v. Commonwealth, 358 S.E.2d 770, 772 (Va. Ct. App. 1987)).

The record reflects that sufficient evidence existed to support Fuller's conviction. Although Fuller did not physically assault any officers, Corporal Elizabeth Sheppard testified that Fuller ignored her instructions to wait for his point of contact when he arrived at the police precinct; instead, Fuller entered the precinct's second waiting room through a secured door when another individual exited, in

3

violation of precinct procedure. Fuller became very argumentative, talkative, and loud, repeatedly asked, "Why can't I come in the door?", and told Corporal Sheppard, "You are lucky you're behind this glass." Corporal Sheppard felt threatened by Fuller's statement because she was unarmed and vulnerable due to the cast on her right arm. During this time period, Corporal Sheppard was unable to complete her duties. Viewing the evidence in the light most favorable to the Government, we find that the Government presented sufficient evidence to persuade a reasonable factfinder that Fuller attempted to intimidate a law enforcement official engaged in her duties through the use of threats and aggressive conduct, as required to establish a conviction for obstruction of justice.

Fuller next asserts that, as a member of the Moorish Science Temple of America, the district court lacked jurisdiction over him to conduct a trial. We review the jurisdictional determination of a district court de novo. United States v. Jones, 225 F.3d 468, 469 (4th Cir. 2000). Federal district courts retain original jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231 (2000). Accordingly, we find Fuller's argument to be without merit.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED