COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, AtLee and Callins
Argued at Richmond, Virginia


TAYLOR NEAL LICKEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0959-23-2                      JUDGE RICHARD Y. ATLEE, JR.
                                                        AUGUST 6, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Sarah L. Deneke, Judge

(Kevin W. Roach; Spencer, Meyer & Koch, PLC, on brief), for
appellant. Appellant submitting on brief.

Rebecca Johnson Hickey, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a jury trial, the circuit court convicted Taylor Neal Lickey of obstruction of

justice. On appeal, Lickey asserts that the trial court should have granted his motion to strike

because the evidence was insufficient to support his conviction. He contends that his actions did not

actually obstruct the officer in his duties. For the following reasons, we agree and reverse.

## I. BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On October 31, 2022, Caroline County Sheriff's Deputy Nicholas Notgrass saw Lickey in the front passenger seat of a truck in a convenience store parking lot. Lickey's wife, Tracy Lickey, was the driver. Notgrass knew that Tracy's driver's license was suspended, and he followed the truck out of the parking lot. When Notgrass ran a "routine license plate check," the truck's plate number "didn't come back on file" in Virginia.

Notgrass then initiated a traffic stop. He approached the truck on the passenger side and spoke with Lickey and Tracy. When Notgrass asked for the vehicle's registration, Lickey opened the glove box and Notgrass observed a "glass smoking device" with "a black burnt end" that he believed contained drug residue.

After Notgrass saw the smoking device, he moved to a position between the truck and his patrol vehicle and called for backup. From that position, he could see Tracy through the truck's rear window and "a portion of" Lickey's torso through the truck's passenger side mirror. Notgrass observed Lickey pass an object to Tracy, which she then "tuck[ed] inside . . . either her breast region or her jacket."

Notgrass moved "back to the passenger side of the truck" and "confronted both of them about what" he saw. When he asked Tracy to exit the vehicle, she "delay[ed]," "argu[ed]," and stated that "she had no idea of what [he] was confronting her about." When she eventually exited, she reached into her jacket and threw the glass smoking device over the truck into the grass on the highway shoulder. Notgrass recovered the device and placed it in an evidence bag.

Lickey was charged with possession of a controlled substance and obstruction of justice. At trial, Notgrass testified that he did not see the object that Lickey passed to Tracy in the truck.

Notgrass confirmed that the object he recovered from the grass was "consistent with the item [he] saw inside the glove box."[1]

Lickey moved to strike the evidence of obstruction of justice. He asserted that "[t]here was no issue of an active investigation that he impeded or that he obstructed [Notgrass] in his official capacity." He pointed out that Notgrass did not acknowledge seeing the device in the glove box. The trial court denied the motion to strike the obstruction charge, and the jury convicted him of that offense.[2] The trial court sentenced him to 12 months' incarceration with 10 months suspended. This appeal followed.

## II. ANALYSIS

Lickey argues that the evidence was insufficient to support a conviction for obstruction of justice. Specifically, he argues that his actions did not actually hinder the officer in his duties.[3]

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "[T]he relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v.*

---

[1] Deputy Cory Riggle arrived on the scene in time to witness Tracy throw the smoking device over the truck.

[2] The jury acquitted Lickey of possession of a controlled substance.

[3] The Commonwealth argues that Lickey's brief violates Rule 5A:20 because, with the exception of the standard of review, it fails to cite any legal authority. Lickey's brief is lackluster at best. Nevertheless, Lickey's standard of review section contains a single legal principle and case citation addressing the issue, and it is the principle upon which we base our decision (although, while the principle cited is applicable here, we note that the quotation itself applied to a different, since repealed, statute). Thus, Lickey's brief passes muster, barely, under Rule 5A:20, and we address his argument on the merits.

*Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

A person who, "without just cause knowingly obstructs" a law enforcement officer "in the performance of his duties" commits a Class 1 misdemeanor. Code § 18.2-460(A). To determine whether the evidence is sufficient to prove obstruction of justice under this statute, we "appl[y] a two-step analysis." *Maldonado v. Commonwealth*, 70 Va. App. 554, 564 (2019). First, the Commonwealth must prove that the defendant's "actions did, in fact, prevent a law-enforcement officer from performing his duties." *Id.* (quoting *Molinet v. Commonwealth*, 65 Va. App. 572, 578 (2015)). Second, the evidence must establish that the defendant "acted with an intent to obstruct— i.e., prevent—an officer from performing his or her duty." *Id.*

"[O]bstruction may be either active or passive." *Thorne v. Commonwealth*, 66 Va. App. 248, 255 (2016). But we have long recognized that "obstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult but does not impede or prevent the officer from performing that task." *Maldonado*, 70 Va. App. at 563 (quoting *Ruckman v. Commonwealth*, 28 Va. App. 428, 429 (1998)). Thus, "actions that make an officer's discharge of his or her duty simply more difficult, but achievable, do not constitute obstruction of justice without force." *Id.* (quoting *Thorne*, 66 Va. App. at 255).

In *Thorne*, 66 Va. App. at 257-58, we affirmed the conviction of a defendant who, during a lawful traffic stop, repeatedly disregarded the officer's instructions to lower her window to allow him to investigate whether her window was illegally tinted. We held that the defendant's refusal to lower the window "prevented [the officer's] efforts to investigate the suspected window tint

- 4 -

violation, as required to prove obstruction under" Code § 18.2-460(A). *Id.* at 256-57. Rather than "merely oppose or impede" the officer, the defendant's behavior "completely prevented the officer from performing his duty." *Id.* at 258.

We find that the evidence here is insufficient to prove that Lickey's behavior obstructed Notgrass's performance of his duties. Even if we infer that Lickey knew Notgrass had seen the smoking device, and thus intended to obstruct any investigation, Lickey's removal of the smoking device from the glove box and passing it to Tracy did not prevent Notgrass from conducting that investigation. Notgrass, in fact, continued his investigation after Lickey passed the smoking device to Tracy by questioning Lickey and Tracy and ordering them to exit the vehicle to facilitate a search of the vehicle and their persons. A jury could conclude that Lickey attempted to re-conceal the smoking device, thereby making Notgrass's investigation "more difficult." *Maldonado*, 70 Va. App. at 563 (quoting *Ruckman*, 28 Va. App. at 429). But Lickey did not attempt to destroy or alter the device,[4] and Notgrass ultimately recovered the smoking device intact. *See id.* at 569 (finding that actions that caused a delay of 40 minutes, without explanation of how the delay constituted a "significant impediment to the investigation," was not obstruction). Given these facts, no rational jury could find that Lickey's actions "completely prevented the officer from performing his dut[ies]" related to investigating either the basis for the traffic stop or the smoking device. *Thorne*, 66 Va. App. at 258. Thus, the evidence was insufficient to convict him of obstruction of justice in violation of Code § 18.2-460(A).

---

[4] Further, Lickey's actions occurred before Notgrass communicated his intent to investigate the smoking device and before Notgrass gave Lickey any commands. The Commonwealth did not assert at trial that Lickey instructed or otherwise encouraged Tracy to throw the smoking device over the truck.

- 5 -

## III. Conclusion

Although Lickey's actions may have frustrated Notgrass's investigation, that circumstance is insufficient to sustain a conviction for obstruction of justice without force. Accordingly, we reverse the conviction.

*Reversed.*